Joseph IACIOFANO

v.

TOWN OF NORTH PROVIDENCE and Madeline Ferrante, in her capacity as Treasurer of the Town of North Providence.

No. 97–589–A.

Supreme Court of Rhode Island.

Jan. 11, 1999.

Melody A. Alger.

Anthony M. Gallone, Thomas R. DeSimone, Providence.

## ORDER

The defendants, the Town of North Providence and Madeline Ferrante, in her capacity as Treasurer of the Town of North Providence (hereinafter referred to collectively as "the town"), appeal from a Superior Court order denying, in part, a motion for new trial, after a jury verdict in favor of plaintiff in the amount of $300,000. The plaintiff, Joseph Iaciofano, appeals from that portion of the order granting the town's motion for a new trial on the issue of damages. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this matter without further briefing or argument.

The plaintiff testified that he purchased property in North Providence in December 1986, with the intention of developing it for single or multiple family use. After purchasing the property, the plaintiff discovered a drainage problem; the property contained an open trench, running halfway across the front of the land to another open trench to a pipe. The plaintiff contacted the office of the mayor of North Providence and was eventually informed, by letter, that a town drain empties onto the rear of the property and that the town would help to correct the problem. The town agreed to pay up to $57,000, the estimated cost of repair.

The plaintiff hired a contractor and an engineer and began work on the project. Prior to completing the work, plaintiff received a cease and desist order from the Department of Environmental Management. The plaintiff testified that he paid the contractor $49,130 and that he paid the engineer $18,000 in connection with this project. He also stated that he incurred other expenses in anticipation of developing the property.

The plaintiff filed suit against the town requesting injunctive relief and damages. Following trial, a jury returned a verdict in favor of plaintiff in the amount of $300,000. The defendant filed a motion for a new trial, which the trial justice denied as to all but the issue of damages. The defendant appeals from that portion of the trial justice's decision denying the motion for a new trial; the plaintiff appeals from the granting of a new trial on the issue of damages. The defendant also objects to the imposition of prejudgment interest in this case. We have previously held, however, that the imposition of prejudgment interest against a municipality on a judgment for breach of contract is proper. *Jolicoeur Furniture Co. v. Baldelli*, 653 A.2d 740 (R.I.1995). We hold that *Jolicoeur* is applicable in the present case.

In reviewing a trial justice's decision on a motion for a new trial, that decision will be accorded great weight on appeal and will only be disturbed if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *Cinq–Mars v. Rodriguez*, 674 A.2d 401 (R.I.1996). We have reviewed the record in this case and have carefully considered the issues raised by plaintiff and defendant in their appeals and are of the opinion that the trial justice's decision on the new trial motion should be upheld.

Therefore, the parties' appeals are denied and dismissed and the case is remanded to Superior Court for further proceedings.